

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ENTERED
11/20/2017

| | | |
|---|---|---|
| IN RE: § | | |
| NICOLE JIMENEZ § | CASE NO: 10-80693 | |
| Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| NICOLE JIMENEZ § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 17-08008 | |
| § | | |
| NAVIENT SOLUTIONS, LLC, *et al* § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

Nicole Jimenez alleges Navient Solutions, LLC violated the discharge injunction granted at the completion of her chapter 13 case. Jimenez also seeks to have her student loans discharged because of undue hardship. Navient filed a motion to dismiss Jimenez's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Navient's motion to dismiss is denied.

### Background

Jimenez filed for chapter 13 bankruptcy on November 30, 2010, and listed two debts on her schedules owed to Sallie Mae for student loans in the amounts of $244,351.00 and $3,700.00. (Case No. 10-80693, ECF No. 15 at 19). Jimenez's schedules also listed her ex-husband, Hector Jimenez, as a co-debtor for these claims. (Case No. 10-80693, ECF No 15 at 19, 21). Jimenez completed the payments required under her chapter 13 plan and on April 4, 2016, received a discharge and a closure of her bankruptcy case. (Case No. 10-80693, ECF Nos. 116, 119).

Sallie Mae subsequently assigned Jimenez's debt to Navient, which then sought to collect on a balance of approximately $291,995.39 it claims Jimenez owed on her student loans. (ECF

No. 1 at 3–4; ECF No. 22 at 3, n. 4). Jimenez admits that she owes some money on her student loan debts. (ECF No. 1 at 3). However, she disputes the amount Navient claims is owed, alleging that her ex-husband fraudulently consolidated these student loans and added to the balances in her name "without her knowledge, consent, or signature." (ECF No. 20 at 3). After discovering the consolidated loan, Jimenez moved the Court to re-open her bankruptcy case and filed this adversary proceeding against Navient. (*See generally* ECF No. 20). Jimenez's complaint alleges that payment of these student loans constitutes an undue hardship and should be dischargeable under 11 U.S.C. § 523(a)(8). (ECF No. 20 at 5–7). In response, Navient filed a motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 22 at 4–8).

## **Jurisdiction**

Navient argues that this Court lacks subject matter jurisdiction to hear this issue because the debt owed is a non-dischargeable educational loan that is not subject to the discharge injunction. (ECF No. 22 at 1). The Court addressed this jurisdictional issue during the August 10, 2017, hearing. A court has three bases for jurisdiction: "arising under," "arising in," or "related to." 28 U.S.C. § 1334(b); (Hearing, August 10, 2017 at 9:14 a.m.). While this Court no longer possesses *related to* jurisdiction, *arising under* jurisdiction continues to exist even after the discharge is granted. (Hearing, August 10, 2017 at 9:14 a.m.).

Furthermore, a bankruptcy court "retains jurisdiction to interpret and enforce its own orders to ensure their proper execution." *In re Rodriguez*, 252 F.3d 435, at *2 (5th Cir. 2001). In this case, the Court is being asked to enforce its discharge order entered on December 23, 2015. The Bankruptcy Code and Rules also support this Court's subject matter jurisdiction over Jimenez's claim. (*See generally* ECF No. 22). Section 350(b) allows the Court to reopen a case

for cause or to provide the debtor with appropriate relief. 11 U.S.C. § 350(b). The Bankruptcy Rules state that "[a] complaint other than under § 523(c) may be filed at any time." FED. R. BANKR. P. 4007(b). Consequently, Jimenez's complaint for relief under §§ 523(a)(8) and 524(a)(2) falls within Title 11, which provides the District Court with jurisdiction under 28 U.S.C. § 1334(a). Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6. This is a core proceeding that concerns the determination of the dischargeability of a debt, which this Court has statutory authority to determine. 28 U.S.C. § 157(b)(2)(I); *see also In re Walker*, 427 B.R. 471, 477–79 (B.A.P. 8th Cir. 2010).

## Analysis

### *Conversion to Summary Judgment*

As a threshold matter, the Court must decide whether Navient presented a motion to dismiss under Rule 12(b)(6) or a motion for summary judgment under Rule 56(a). If the parties present materials beyond the pleadings and the Court considers them in its decision, conversion to summary judgment is appropriate. FED. R. CIV. P. 12(d). However, narrow exceptions to this rule exist when the materials presented are essential to the plaintiff's claims and no questions exist regarding authenticity. *Gen. Retail Serv., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007) (quoting 5 CHARLES ALLEN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (3d ed. 2004)). Before granting summary judgment, the Court must consider whether the parties received appropriate notice to prevent unfair surprise and allow adequate time for discovery. *Id*. at 784. When deciding whether notice is adequate "the proper question is whether the non-movant was on notice that the '[court] *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so.'" *Washington*

*v. Allstate Ins. Co.*, 901 F.2d at 1281, 1284 (5th Cir. 1990) (quoting *Isquith v. Middle S. Util., Inc.*, 847 F2.d 186, 195 (5th Cir. 1988)).

Navient presented two pieces of additional material along with its motion to dismiss: the affidavit of an employee describing the debt owed and the original loan consolidation application. (*See generally* ECF no. 22-1). Although these documents are outside the pleadings, Navient provided them for the limited purpose of demonstrating that the debt qualifies as non-dischargeable loans made through the Federal Family Education Loan Program (FFELP). (ECF No. 22 at 5, n. 5). Nevertheless, the affidavit includes an allegation of the amount owed. (ECF No. 22-1). That allegation is superfluous to the issue currently before the Court and is stricken. The balance of the affidavit will be considered. In this case, there is no risk of surprise to Jimenez because she provided the same application as an exhibit in her original complaint. (ECF No. 1 at 4–5). Furthermore, Jimenez had access to the same application Navient presented, so there is no need for discovery. (ECF No. 1-1 at 4–5). As a result, conversion into a motion for summary judgment is inappropriate and the Court will apply the motion to dismiss standard.

*Motion to Dismiss*

The Court reviews motions under Rule 12(b)(6) "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam). However, the Court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

To avoid dismissal for failure to state a claim, a plaintiff must meet Rule 8(a)(2)'s pleading requirements which requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In *Ashcroft v. Iqbal,*

the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks removed).

*Violation of the Discharge Injunction*

Jimenez claims that Navient's actions to collect on the student loan debt violate the discharge injunction granted to her after she successfully completed her chapter 13 plan under 11 U.S.C. §§ 524(a)(2),(3) and 1328(a). (ECF No. 20 at 5). Navient responds that the Court should dismiss the claim because the debt is non-dischargeable under § 523(a)(8). (ECF No. 22 at 4–7).

Section 524 of the Bankruptcy Code provides a debtor with a discharge, which "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor." § 524(a)(2). A creditor violates the discharge injunction if it (i) knows an injunction has been entered and (ii) intends the actions that violate it. *McClure v. Bank of Am. (In re McClure)*, 420 B.R. 655, 659 (Bankr. N.D. Tex. 2009). The second element focuses on the intent to perform the act rather than an intent to violate the injunction. *Id.* at 663. However, the Bankruptcy Code also contains certain exceptions for debts that are not discharged in a bankruptcy proceeding and do not receive protection from the discharge injunction. *See generally* § 523 (listing debts that are not subject to discharge). One such exception to discharge exists for educational loans incurred for individual debtors where

repayment *would not* constitute an undue hardship on the debtor. § 523(a)(8). In order to discharge excepted student loan debt, the debtor must first demonstrate that the debt owed qualifies as an undue hardship. *See In re Gerhardt*, 348 F.3d 89, 91 (5th Cir. 2003) (adopting Second Circuit's *Brunner* test to evaluate undue hardship determinations).

To survive a motion to dismiss, Jimenez's complaint must first properly allege that Navient knew an injunction was entered. Jimenez's amended complaint states, "Navient . . . knew or should have known that [Jimenez] had received a discharge in her Chapter 13 . . . Navient's predecessor . . . received all mailings pursuant to the Bankruptcy Case." (ECF No. 20 at 5). The complaint sufficiently pleads adequate facts to demonstrate that Navient (and its predecessor in interest) were listed as creditors in her bankruptcy schedules and received notice of her discharge, thus informing them that an injunction was in place that prohibited collection of discharged debt.

Jimenez's complaint must also allege that Navient intended the acts that violated the injunction. The complaint states that the original owner of the debt, Sallie Mae, failed to take proper precautions and prevent Jimenez's ex-husband from filing a fraudulent loan application without her consent. (ECF No. 20 at 5). The complaint also alleges Jimenez contacted Navient and demanded that it cease its collection efforts, a request that Navient ignored. (ECF No. 20 at 5). Although it is unclear from the pleadings whether Jimenez informed Navient that the loans had been fraudulently obtained by her ex-husband, that is the natural inference of the allegation. Taken as true under the motion to dismiss standard, these facts satisfy the requirement that Navient intended to collect on its debts despite knowing a discharge was granted, which violated the injunction.

In opposition, Navient does not deny that it attempted collection on these debts. Rather, Navient argues that its motion to dismiss rests on the notion that Jimenez's student loan debts are exempted from the Court's discharge under § 523(a)(8). (ECF No. 22 at 6–7). To Navient, the only way Jimenez could discharge the debt is through an undue hardship determination, which never occurred during her chapter 13 case. (ECF No. 22 at 6). Since the Court never declared these debts an undue hardship, the discharge injunction does not apply to those debts. (ECF No. 22 at 6).

At first blush, Navient's reasoning appears sound, yet it fails to account for the fact that Jimenez initiated this adversary proceeding to raise the very question of whether the debt qualifies as a student loan under § 523(a)(8). (ECF No. 20 at 7). Jimenez alleges that the debt at issue was fraudulently obtained by her ex-husband, which places it outside the exception to discharge in §523(a)(8). (ECF No. 20 at 5). Jimenez pled sufficient facts to create a plausible claim for relief—that her ex-husband fraudulently filled out a loan application consolidating his debt without her consent, that she had no knowledge of this application, and that she was not aware of the forgery until Navient's demand. (ECF No. 20 at 3–4). Assuming the fraud allegations are true, Navient cannot rely on § 523(a)(8) to shelter its collection attempts because Jimenez's discharge would cover those fraudulent loans. Thus, Navient's reliance on the student loan exception in §523(a)(8) as its basis for the motion to dismiss is ineffective. (ECF No. 20 at 7).

Alternatively, Navient argues that, if the debt was fraudulently created, Jimenez is not personally liable and no debt exists for the discharge to attach to. (ECF No. 22 at 7). Navient emphasizes that "it is not a violation of the discharge injunction to collect a debt that does not exist and therefore, cannot be discharged." (ECF No. 22 at 7). That statement is preposterous.

All claims that are not excepted from discharge—even false ones—are discharged. *See* § 101(5) (including disputed matters in the definition of a claim). There are only two elements required to establish a violation of the discharge injunction: knowledge that an injunction exists and intent to commit the act which violates the injunction. *McClure*, 420 B.R. at 659. Furthermore, "[a] creditor's mistaken belief as to the validity of its actions is not a defense to violating the discharge injunction." *In re Martin*, 2012 WL 907090 at *10 (B.A.P. 6th Cir. March 7, 2012) (holding creditor liable for violating discharge injunction despite creditor's belief that its debt was excepted from discharge under § 524(f)). Jimenez pled sufficient facts to establish these two elements for violating the discharge injunction. Thus even if the debt does not exist, Navient may still be liable for violating the discharge injunction.

### Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **November 20, 2017.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE